# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| WASHINGTON MUTUAL, INC., et al.,[1] | Case No. 08-12229 (MFW) |
| Debtors. | (Jointly Administered) |
| WMI LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | Adv. No. 14-50819 (MFW) |
| THOMAS W. CASEY, KERRY K. KILLINGER, STEPHEN J. ROTELLA, ROBERT J. WILLIAMS JR., ALAN H. FISHMAN, STEPHEN E. FRANK, CHARLES M. LILLIS, JAMES H. STEVER, MARGARET OSMER McQUADE, MICHAEL K. MURPHY, ORIN C. SMITH, PHILLIP D. MATTHEWS, REGINA T. MONTOYA, STEPHEN I. CHAZEN, THOMAS C. LEPPERT, WILLIAM G. REED, JR., and DOES 1-30, | |
| Defendants. | |

## MOTION FOR STAY OF ADVERSARY PROCEEDING

Plaintiff WMI Liquidating Trust (the "Trust"), through its undersigned counsel, hereby respectfully submits this motion (the "Motion") to stay the above-captioned adversary proceeding (the "Adversary Proceeding") until the earlier of (i) a final resolution of the *Motion of WMI Liquidating Trust for an Order, Pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, (A) Approving Settlement Agreement Between WMI Liquidating Trust, Certain Directors and Officers and Insurers and (B) Authorizing and Directing the Consummation Thereof* [Bankr. Docket No. 11910] (the

---

[1] The Debtors in this Bankruptcy Case, along with the last four digits of each Debtor's federal tax identification number, are (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395).

"Settlement Motion")[2] that is currently scheduled for a hearing before this Court on December 23, 2014; and (ii) February 28, 2015.  In support of this Motion, the Trust respectfully represents as follows:

## BACKGROUND

### The Bankruptcy Cases and the D&O Litigation

1. On September 26, 2008, each of the above-captioned debtors (the "Debtors") commenced with this Court a voluntary case pursuant to chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

2. On December 12, 2011, the Debtors filed the *Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* [Bankr. Docket No. 9178] (as modified, the "Seventh Amended Plan"), which was confirmed, by order, dated February 23, 2012 [Bankr. Docket No. 9759] (the "Confirmation Order"), and consummated on March 19, 2012. Pursuant to the Seventh Amended Plan, the Confirmation Order and that certain related Liquidating Trust Agreement, dated March 6, 2012, the administration of the Chapter 11 Cases and the responsibility to reconcile and litigate remaining disputed proofs of claim, among other things, were transferred to the Trust.

3. On October 14, 2014, the Trust filed the *Complaint Objecting to, and Seeking Subordination and Disallowance of, Director and Officer Proofs of Claim* [Adv. Docket No. 1] (the "Complaint"), thereby initiating the Adversary Proceeding.  On the same date, the Trust filed a complaint in the State of Washington King County Superior Court, in an action styled *WMI Liquidating Trust v. Casey, et al.*, Case No. 14-2-28048-3SEA (the "State Litigation" and,

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Motion.

collectively with the Adversary Proceeding, the "D&O Litigation"). As more fully described in the Settlement Motion: (i) in the State Litigation, the Trust seeks at least $500 million in damages and costs and reasonable attorneys' fees, asserting, among other things, that the Defendants breached their fiduciary duties of care and loyalty to WMI; and (ii) in the Adversary Proceeding, the Trust seeks to, among other things, disallow and/or subordinate certain indemnification claims of the Defendants. *See* Settlement Motion at ¶ 20.

4. Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, the deadline for the Defendants to answer or otherwise respond to the Complaint is December 17, 2014.

**The Settlement Motion and the Stipulation to Extend Answering Deadlines**

5. On December 1, 2014, the Trust filed the Settlement Motion. If approved, the Settlement Motion will resolve, among other things, all disputes between the Trust and Defendants with respect to the D&O Litigation and cause the dismissal of the Adversary Proceeding.

6. On December 16, 2014, in connection with the continuing negotiations between the parties and the filing of the Settlement Motion, the Trust filed the *Stipulation Between the Plaintiff and Certain Defendants to Extend Those Defendants' Time to Answer Complaint* [Adv. Docket No. 6] (the "Stipulation")[3]. Pursuant to the Stipulation, the time for the Stipulating Defendants to answer or otherwise respond to the Complaint will be extended to and including February 28, 2015.

---

[3] All Defendants in the Adversary Proceeding, other than Thomas W. Casey, Stephen J. Rotella, and Robert J. Williams, Jr. are parties to the Stipulation (collectively, the "Stipulating Defendants").

3

## ARGUMENT

7. Courts have repeatedly stressed that a stay of proceedings is appropriate when necessary to support judicial comity and encouragement of settlement. *See, e.g., Sandpiper Vill. Condo. Ass'n v. Louisiana-Pacific Corp.*, 428 F.3d 831 (9th Cir. 2005) (holding that a federal district court properly stayed proceedings in another court in order to safeguard settlement process in a nationwide class action); *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In the present case, such a stay is appropriate because the Settlement Motion is currently pending for hearing before this Court and because a stay will preserve the resources of all parties without prejudicing anyone.

8. After years of disputes and settlement negotiations, the Parties to the Settlement Agreement have reached a comprehensive settlement that, if approved pursuant to the Settlement Motion, will resolve all of the claims pending before this Court in the Adversary Proceeding. Consequently, a stay of the Adversary Proceeding in light of the pending Settlement Motion will prevent the Court and the parties from wasting resources on litigation that will serve no purpose if the Settlement Agreement is approved.

9. Furthermore, a stay is critically important in this case because any additional litigation costs and expenses may directly impact the availability of funding for the $37 million Settlement Amount payable to the Trust by the Contributing Insurers under the terms of the Settlement Agreement. In particular, the Settlement Agreement provides that the Settlement Amount will be funded in significant part through the approximately $27 million in coverage that remains in the WMI director and officer liability insurance policies for 2007-2008 (the "2007-2008 Tower"). However, the Defendants' costs and expenses with respect to the D&O Litigation, including the Adversary Proceeding, are also covered by the 2007-2008 Tower. Therefore, any additional litigation absent a stay of the Adversary Proceeding will inevitably create costs and expenses that will continue to deplete the 2007-2008 Tower and potentially jeopardize the entire Settlement Agreement.

10. Finally, the requested stay will not prejudice any of the Defendants. Indeed, the Trust and the Stipulating Defendants have already agreed to extend the deadline to answer or otherwise respond to the Complaint to February 28, 2015. Similarly, the three Defendants who refused to join the Stipulation – Thomas W. Casey, Stephen J. Rotella, and Robert J. Williams, Jr. – have recently filed an objection to the Settlement Motion [Adv. Docket No. 11921] and will have an opportunity to be heard with respect to the Settlement Agreement. Therefore, their rights will not be prejudiced if this Adversary Proceeding is stayed until the Settlement Motion is either approved or denied.

11. The Trust expressly reserves all rights to request further extensions of stay with respect to this Adversary Proceeding or to seek other appropriate relief.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order, substantially in the form annexed as **Exhibit A** hereto, granting a stay of all proceedings in this Adversary Proceeding until the earlier of (i) a final resolution of the Settlement Motion, including with respect to any appeals thereof; and (ii) February 28, 2015.

DATED: December 16, 2014  
        Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*
_____
William E. Chipman, Jr. (No. 3818)  
Paul D. Brown (No. 3903)  
Mark D. Olivere (No. 4291)  
1007 North Orange Street, Suite 1110  
Wilmington, Delaware 19801  
Telephone:   (302) 295-0194  
Facsimile:   (302) 295-0199  
Email:   chipman@chipmanbrown.com  
        brown@chipmanbrown.com  
        olivere@chipmanbrown.com

-and-

KLEE, TUCHIN, BOGDANOFF & STERN LLP  
David M. Stern (admitted pro hac vice)  
Lee R. Bogdanoff (admitted pro hac vice)  
1999 Avenue of the Stars, Thirty-Ninth Floor  
Los Angeles, California 90067  
Telephone:    (310) 407-4000  
Email:    dstern@ktbslaw.com  
        lbogdanoff@ktbslaw.com

*Attorneys for Plaintiff WMI Liquidating Trust*